UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PONTILLO FAMILY PIZZA, INC.,

        PLAINTIFF,

v.

BATAVIA PIZZA, LLC,

        DEFENDANT.

**COMPLAINT**

**CIVIL ACTION NO.:** _____

**JURY TRIAL DEMANDED**

Plaintiff Pontillo Family Pizza, Inc. ("Pontillo's"), by and through its attorneys Harter Secrest & Emery LLP, for its Complaint against defendant Batavia Pizza, LLC ("Batavia Pizza") alleges as follows:

## PARTIES

1. Plaintiff Pontillo's is a New York corporation that has its principal offices at 17 Bridgewood Drive, Fairport, New York 14450. Pontillo's, through its licensees, is engaged in the business of selling pizza and other food items and providing pizzeria services.

2. Upon information and belief, defendant Batavia Pizza is a New York limited liability company with its principal offices at 500 East Main Street, Batavia, New York 14020.

3. Mr. Thomas Masaschi, Mr. Jeffrey Reddish, and Mr. Jason Teller are members of Batavia Pizza.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331, 1338(a), and 1338(b), because the claims arise under the laws of the United States, more specifically under the Lanham Act, 15 U.S.C. sections 1051 through 1127.

425625_1

5. The Court has jurisdiction over Pontillo's state law claims pursuant to 28 U.S.C. section 1367.

6. This Court has personal jurisdiction over Batavia Pizza because Batavia Pizza is registered to do business and is doing business in the State of New York.

7. Venue is proper in the Western District pursuant to 28 U.S.C. section 1391(b) because Batavia Pizza resides in such district.

**BACKGROUND AND FACTS**

8. Pontillo's (itself and though its predecessors and licensees) has continuously provided pizza and related food items and operated pizzerias under the trademark PONTILLO'S since at least as early as 1947.

9. On May 22, 1984, the United States Patent and Trademark Office ("USPTO") granted Pontillo's United States Trademark Registration Serial No. 1279132 for the mark PONTILLO'S (the "Registration"). A printout of the USPTO's record of the Registration is annexed hereto as **Exhibit A.**

10. Pontillo's exclusive right to use PONTILLO'S is now incontestable pursuant to 15 U.S.C. section 1065.

11. In March 2010, Mr. David Pontillo, on behalf of Pontillo's informed Mr. Masaschi and Mr. Reddish, of Batavia Pizza, that PONTILLO'S was a registered trademark owned by Pontillo's and it was not available for use by Batavia Pizza.

12. In April 2010, Batavia Pizza opened a pizzeria at 500 East Main Street, Batavia, New York under the name PONTILLO'S.

13. Since April 2010, Batavia Pizza has been and is using Pontillo's trademark PONTILLO'S in connection with pizza and related food products and pizzeria services.

14. Batavia Pizza has no right to use the trademark PONTILLO'S in connection with pizza, related food products or, pizzeria services.

15. Pontillo's has not granted Batavia Pizza or any of Mr. Thomas Masaschi, Mr. Jeffrey Reddish, or Mr. Jason Teller a license to use the mark PONTILLO'S.

16. In June 2010, Mr. Pontillo spoke with Mr. Reddish and Mr. Masaschi and demanded that Batavia Pizza stop using the PONTILLO'S trademark.

17. Pontillo's has also demanded that Batavia Pizza stop use of its trademark by sending letters to Batavia Pizza's two attorneys. Letters dated June 18, 2010 to Neal L. Slifkin, Esq., and August 9, 2010 to Sam Feldman, Esq., are attached hereto as **Exhibits B** and **C**.

18. Upon information and belief, Batavia Pizza has continued to use the trademark PONTILLO'S and will continue such use unless enjoined, despite Pontillo's express demands that it cease such use.

19. Batavia Pizza's use of this mark is likely to confuse the public and infringes Pontillo's rights and Batavia Pizza's use of this mark has been with full knowledge and disregard of Pontillo's rights.

### FIRST CAUSE OF ACTION
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1114

20. Pontillo's realleges paragraphs 1 through 19 and further alleges:

21. Batavia Pizza's actions as described above constitute infringement of Pontillo's trademark in violation of 15 U.S.C. section 1114.

22. By reason of the foregoing, Pontillo's has been damaged in an amount to be determined at trial.

23. Pursuant to 15 U.S.C. section 1117, Pontillo's is entitled to treble damages, as well as the recovery of Batavia Pizza's profits, the costs of this action, including reasonable attorneys' fees, and a preliminary and permanent injunction enjoining Batavia Pizza from distributing and selling products and offering services under the mark PONTILLO'S.

## SECOND CAUSE OF ACTION
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1125

24. Pontillo's realleges paragraphs 1 through 23 and further alleges:

25. By selling and distributing the infringing goods and providing infringing services, as described above, Batavia Pizza has used Pontillo's trademark in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of its products in violation of 15 U.S.C. section 1125.

26. By reasons of the foregoing, Pontillo's has been damaged in an amount to be determined at trial.

27. Pursuant to 15 U.S.C. section 1117, Pontillo's is entitled to treble damages, as well as the recovery of Batavia Pizza's profits, the costs of this action, including reasonable attorneys' fees, and a preliminary and permanent injunction enjoining Batavia Pizza from distributing and selling products under the mark PONTILLO'S.

## THIRD CAUSE OF ACTION
### GENERAL BUSINESS LAW SECTION 360-L

28. Pontillo's realleges paragraphs 1 through 27 and further alleges:

29. By willfully and recklessly selling and distributing the infringing goods and providing the infringing services described above, Batavia Pizza has created a likelihood of injury to Pontillo's business reputation.

30. Batavia Pizza's actions constitute a violation of section 360-l of the New York General Business Law.

31. By reason of the foregoing, Pontillo's is entitled to a preliminary and permanent injunction enjoining Batavia Pizza from distributing and selling the infringing goods and providing the infringing services.

### FOURTH CAUSE OF ACTION
### UNFAIR COMPETITION

32. Pontillo's realleges paragraphs 1 through 31 and further alleges:

33. Batavia Pizza's use of Pontillo's trademark, or any colorable imitation of it, is likely to cause mistake, confusion, or deceive the general public and Pontillo's believes that Batavia Pizza has already caused actual mistake, confusion, or deception of the general public.

34. Batavia Pizza's use of Pontillo's trademark, and a colorable imitation thereof, constitutes a knowing and willful passing off of Batavia Pizza's goods and services for those of Pontillo's, and is a deception of the general public.

35. Batavia Pizza's actions constitute unfair competition with Pontillo's by reason of Batavia Pizza's use of Pontillo's trademarks.

36. These acts of unfair competition by Batavia Pizza have caused and are continuing to cause irreparable injury to Pontillo's reputation.

37. Unless Batavia Pizza is restrained, it will continue these acts to Pontillo's detriment.

### FIFTH CAUSE OF ACTION
### VIOLATION OF SECTION 133 OF THE
### NEW YORK GENERAL BUSINESS LAW

38. Pontillo's realleges paragraphs 1 through 37 and further alleges:

-6-

39. By reason of the foregoing, the business and property of Pontillo's have been and are being injured, diminished, and damaged by a loss of good will and diminution of business reputation.

40. By reason of the foregoing, Batavia Pizza is causing and will continue to cause Pontillo's irreparable damages unless restrained.

41. Pontillo's has no adequate remedy at law and its damages cannot be adequately assessed in money.

42. Batavia Pizza's actions violate section 133 of the New York General Business Law.

**WHEREFORE**, plaintiff Pontillo's demands judgment as follows:

a. A preliminary and permanent injunction enjoining Batavia Pizza from operating a pizzeria using Plaintiff's PONTILLO'S trademark and distributing and selling products bearing Pontillo's trademark PONTILLO'S or any colorable imitation of such mark;

b. An accounting of Batavia Pizza's sales of products and services bearing the infringing marks and earnings and profits resulting therefrom;

c. An accounting of all sums spent by Batavia Pizza on advertising or promoting products and/or services sold under the PONTILLO'S trademark;

d. A constructive trust for Pontillo's benefit of all revenues, earnings, and profits received by Batavia Pizza from sales of products and services bearing the infringing marks;

e. An award of compensatory damages in an amount to be determined at trial;

-7-

    f.    An award of treble damages pursuant to 15 U.S.C. section 1117, the amount to be determined at trial;

    g.    An award of Batavia Pizza's profits, pursuant to 15 U.S.C. section 1117;

    h.    An award of costs and attorneys' fees pursuant to 15 U.S.C. section 1117; and

    i.    Such other and further relief as the Court deems just and proper.

August 26, 2010                             Respectfully submitted,

                                                    /s/  Kimberly I. Shimomura
Stephen B. Salai
Kimberly I. Shimomura
HARTER SECREST & EMERY LLP
1600 Bausch & Lomb Place
Rochester, New York 14604-2711
(585) 232-6500
bsalai@hselaw.com
Kshimomura@hselaw.com

*Attorneys for Plaintiff Pontillo Family Pizza, Inc.*

Exhibit A



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Thu Aug 26 04:05:46 EDT 2010

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP] [PREV LIST] [CURR LIST]
[NEXT LIST] [FIRST DOC] [PREV DOC] [NEXT DOC] [LAST DOC]

[Logout] Please logout when you are done to release system resources allocated for you.

[Start] List At: OR [Jump] to record: **Record 2 out of 3**

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] ( Use the "Back" button of the Internet Browser to return to TESS)

## Typed Drawing

| | |
|---|---|
| Word Mark | PONTILLO'S |
| Goods and Services | IC 030. US 046. G & S: Pizza and Sandwiches for Consumption On and Off the Premises. FIRST USE: 19470415. FIRST USE IN COMMERCE: 19470415 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 73378864 |
| Filing Date | August 9, 1982 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | February 28, 1984 |
| Registration Number | 1279132 |
| Registration Date | May 22, 1984 |
| Owner | (REGISTRANT) Pontillo; Anthony P. INDIVIDUAL UNITED STATES 23 Oak Meadow Trail Pittsford NEW YORK 14534 |
| | (LAST LISTED OWNER) PONTILLO FAMILY PIZZA, INC. CORPORATION NEW YORK 12 BEAUFORT PLACE EAST ROCHESTER NEW YORK 14445 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | STEPHEN B. SALAI |
| Prior Registrations | 1053449 |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL-2(F) |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20040729. |
| Renewal | 1ST RENEWAL 20040729 |

**Live/Dead Indicator** LIVE



| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Exhibit B

**HSE**

## Harter Secrest & Emery LLP

ATTORNEYS AND COUNSELORS

WWW.HSELAW.COM

June 18, 2010

Neal L. Slifkin, Esq.
Harris Beach, PLLC
99 Garnsey Road
Pittsford, New York 14534

Re: Batavia Pizza, LLC's use of the trademark PONTILLO'S

Dear Neal:

We now represent Pontillo Family Pizza, Inc. with respect to the matter concerning Batavia Pizza, LLC's unlawful use of the PONTILLO'S trademark.

Pontillo Family Pizza, Inc. and its predecessors have used PONTILLO'S as a trademark since at least as early as 1947. Pontillo's was registered in the US Patent and Trademark Office on May 22, 1984 (registration number 1279132). Pontillo Family Pizza, Inc.'s right to use the mark PONTILLO'S is incontestable.

Pontillo's Batavia Pizzeria, Inc., with Mr. Sam C. Pontillo as an officer, operated a PONTILLO'S pizzeria in Batavia, New York until November 2008. We understand that Pontillo's Batavia Pizzeria, Inc. had tax and other problems that forced it to close the Batavia Restaurant in 2008 and that those same problems prevent Pontillo's Batavia Pizzeria, Inc. and Mr. Sam C. Pontillo from obtaining a liquor license and reopening the restaurant. Pontillo's Batavia Pizzeria, Inc. abandoned the right to use the mark PONTILLO'S when it discontinued use of the mark with the intent not to resume such use. Lanham Act, § 45.

Batavia Pizza, LLC, comprised of members Thomas Masaschi, Jeffrey Reddish, and Jason Teller, recently opened a pizzeria in Batavia, New York under the mark PONTILLO'S. Pontillo Family Pizza, Inc. has not given Batavia Pizza, LLC the right to use the PONTILLO'S name. While Pontillo Family Pizza, Inc. has licensed Pontillo family members to use the mark PONTILLO'S for pizzerias from time to time, no Pontillo family member has an ownership interest in Batavia Pizza, LLC, and no family member has asked for permission to use the PONTILLO'S name in Batavia. Because of his tax problems, Pontillo Family Pizza, Inc. will not give Mr. Sam Pontillo the right to use the PONTILLO'S name for a pizzeria. Your representation in your letter of March 24, 2010 to John F. Liebschutz, Esq., that Mr. Sam Pontillo is a member of Batavia Pizza, LLC is incorrect. He is not. Even if he were, Pontillo Family Pizza, Inc. would not give him or Batavia Pizza, LLC the right to use the PONTILLO'S trademark.

Neither Pontillo's Batavia Pizzeria, Inc., nor Mr. Sam Pontillo has an independent right to use the PONTILLO'S name. After Pontillo's Batavia Pizzeria, Inc. abandoned the mark, it had no right

HARTER·SECREST&EMERY·LLP
ATTORNEYS AND COUNSELORS

Neal L. Slifkin, Esq.
June 18, 2010
Page 2

to use the mark and therefore could not transfer the right to use the mark to any other person or entity, including Batavia Pizza, LLC.

Our client has authorized us to resolve this matter amicably if Batavia Pizza, LLC agrees to stop all use of the PONTILLO'S mark within 30 days of the date of this letter. Because of the importance of this matter, we ask that you let us know within five days whether Batavia Pizza, LLC agrees to this resolution.

Lastly, it has come to our attention that Harris Beach, PLLC represented Mr. Anthony P. Pontillo with respect to his acquisition of Mr. Patrick J. Woodring's interest in the PONTILLO'S trademark. We are concerned that this prior representation may create a conflict of interest in this matter. However, our clients are willing to waive any conflict for the limited purpose of resolving this matter promptly through settlement if Batavia Pizza, LLC agrees to stop using the PONTILLO'S mark on the terms discussed above.

We look forward to hearing from you.

Very truly yours,

HARTER SECREST & EMERY LLP

Stephen B. Salai
DIRECT DIAL: 585-231-1386
E-MAIL: BSALAI@HSELAW.COM

SBS:tlw

Exhibit C

**HSE**

## Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

August 10, 2010

**VIA EMAIL** at sfeldman@silverfeldman.com and
Registered Mail, Return Receipt Requested

Sam Feldman, Esq.
Silver & Feldman
3445 Winton Place, Suite 228
Rochester, New York 14623

Re:   Batavia Pizza, LLC's use of the trademark PONTILLO'S

Dear Mr. Feldman:

We represent Pontillo Family Pizza, Inc. ("Pontillo's") with respect to its trademark matters. Your client Batavia Pizza, LLC ("Batavia") is infringing our client's rights by using their PONTILLO'S trademark. Pontillo's demands that Batavia stop all use of the trademark PONTILLO'S by August 20, 2010. If Batavia does not stop all use of PONTILLO'S by such date, Pontillo's will file an action against Batavia for trademark infringement seeking an injunction and damages. 15 USC §§ 1114, 1116, 1117, and 1125

Pontillo's and its predecessors have used PONTILLO'S as a trademark since at least as early as 1947. Pontillo's registered the trademark in the U.S. Patent and Trademark Office on May 22, 1984 (registration number 1279132) and Pontillo's exclusive right to use the trademark is incontestable.

Batavia, comprised of members Thomas Masaschi, Jeffrey Reddish, and Jason Teller, recently opened a pizzeria in Batavia, New York using the PONTILLO'S trademark. Pontillo's has not given Batavia the right to use the PONTILLO'S trademark.

Earlier and through other counsel (who have withdrawn from representing Batavia in this matter), Batavia stated its belief that it had the right to use the mark because Mr. Sam C. Pontillo was a member of Batavia. Sam C. Pontillo is not a member of Batavia, and even if he were, Pontillo's would not give him a license to use the PONTILLO'S trademark.

Please let us know immediately whether Batavia will stop its infringing use of the PONTILLO'S trademark by August 20, 2010. If Batavia chooses not to stop such use, please let us know whether you will accept service of the Complaint. We look forward to hearing from you.

Very truly yours,

Harter Secrest & Emery LLP

Stephen B. Salai
DIRECT DIAL 585 231 1386
E-MAIL: SSALAI@HSELAW.COM

SBS:maz